IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NANCY ACORD and JAMES ACORD,

       Plaintiffs,

v.                               Civil Action No. 5:12CV88
                                       (STAMP)

FLORENCE MONTELONE and
GREATER PENNSYLVANIA
CARPENTERS' MEDICAL PLAN,

       Defendants.


**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFFS' MOTION TO REMAND AND**
**DENYING DEFENDANT GREATER PENNSYLVANIA CARPENTERS'**
**MEDICAL PLAN'S MOTION TO DISMISS AS MOOT**


I.  Background

On May 17, 2012, the plaintiffs, Nancy and James Acord ("the Acords"), commenced this civil action by filing a complaint in the Circuit Court of Brooke County, West Virginia. Through this complaint, the plaintiffs allege that defendant, Florence Montelone ("Montelone"), was negligent regarding a motor vehicle accident that occurred on June 16, 2010. The accident complained of occurred in Brooke County, West Virginia. The plaintiffs allege that defendant Montelone negligently ran a red light and collided with plaintiff Nancy Acord's vehicle resulting in severe and disabling injures, which have caused medical expenses and other damages, including pain and suffering. Further, plaintiff James Acord alleges that he has suffered a loss of the duties and obligations of the marital relationship, including the right to

consortium, society, companionship, and services as a result of defendant Montelone's negligence. Both the Acords and defendant Montelone are residents of West Virginia.

The plaintiffs also assert a claim against defendant, Greater Pennsylvania Carpenters' Medical Plan ("Medical Plan"). At the time of the car accident, plaintiff Nancy Acord had medical coverage through the defendant Medical Plan. The defendant Medical Plan is a fully self-funded Employee Retirement Income Security Act ("ERISA") plan and maintained its right to subrogation against its members for any benefits provided due to accidental injuries caused by third parties. The plaintiffs are seeking a declaratory judgment from this Court as to the amount of subrogation owed to the defendant Medical Plan. Specifically, the plaintiffs first ask that this Court find that the defendant Medical Plan's claim to any recovery from defendant Montelone is discharged under state law pursuant to the made-whole doctrine. In the alternative, the plaintiffs seek a declaration as to the equitable distribution of the proceeds available in this case.

On June 14, 2012, defendant Medical Plan removed this case to the Western District of Pennsylvania. Thereafter on June 15, 2012, the case was transferred to this Court. On June 20, 2012, the plaintiffs filed a motion for remand. In this motion, the plaintiffs allege that this action was improperly removed because: (1) this Court lacks subject matter jurisdiction as there is no

federally preempted claim in this case, and therefore, no federal question; (2) if this Court is not inclined to remand, then Count III should be severed and stayed; (3) no diversity jurisdiction exists; (4) the removal is procedurally defective for violation of the unanimity rule; and (5) plaintiffs should be awarded attorneys' fees in remanding this case.

The defendant Medical Plan responded by arguing: (1) the plaintiffs' claims are completely preempted by federal statute, and therefore, there is federal question jurisdiction; (2) as plaintiffs' claims establish a federal question, diversity jurisdiction need not be met prior to removal, but nonetheless diversity exists; (3) removal of this action was based upon the existence of a federal question and removal was therefore not procedurally defective; and (4) as removal of this matter was proper, the plaintiffs' request for attorneys' fees should be denied. The plaintiffs thereafter replied and continued to assert that this Court lacked subject matter jurisdiction to hear this case.

On the same day that the plaintiffs filed their motion to remand, the defendant Medical Plan filed a motion to dismiss or, in the alternative, a motion for summary judgment. In this motion, defendant Medical Plan argued that the plaintiffs' claim against it should be dismissed in its entirety because the state law claims against the Medical Plan, which is an ERISA-qualified plan, are

preempted by federal law.  The plaintiffs then responded arguing the motion to remand should be decided before this Court rules upon the merits of the plaintiffs' claims.  However, they argue that nonetheless, ERISA does not strip a court of its equity powers and their claim should be adjudicated because the plaintiffs have invoked equitable doctrines in their claim.  The defendant Medical Plan replied and argued that the plaintiffs' motion to remand is improper and ERISA preemption is not eliminated by a state court action in equity.

For the reasons stated below, this Court grants plaintiffs' motion to remand and, accordingly, denies the defendant Medical Plan's motion to dismiss or, in the alternative, the motion for summary judgment as moot.

## II.  <u>Applicable Law</u>

This opinion deals with two separate motions, a motion to remand and a motion to dismiss or, in the alternative, a motion for summary judgment.

## A.  <u>Motion to Remand</u>

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter.  28 U.S.C. § 1441.  Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where

the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a).  The party seeking removal bears the burden of establishing federal jurisdiction.  See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand.  Id.

B.  Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to raise the defense of "failure to state a claim upon which relief can be granted" as a motion in response to a plaintiff's complaint before filing a responsive pleading.

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the factual allegations contained in the complaint as true.  Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'"  Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances, as

the pleading requirements of Federal Rule of Civil Procedure
8(a)(2) only mandate "a short and plain statement of a claim
showing that the pleader is entitled to relief." Conley v. Gibson,
355 U.S. 41, 47 (1957). Still, to survive a motion to dismiss, the
complaint must demonstrate the grounds to entitlement to relief
with "more than labels and conclusions . . . factual allegations
must be enough to raise a right to relief above the speculative
level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007).

### III. Discussion

A. Motion to Remand

1. Federally preempted claim and federal question
jurisdiction

The defendant removed this action to federal court based on 28
U.S.C. § 1331 federal question jurisdiction. Federal jurisdiction
based upon 28 U.S.C. § 1331 requires that a question "arising under
the Constitutions, laws, or treaties of the United States" be
present on the face of the plaintiff's well pleaded complaint.
There is, however, an exception to the well pleaded complaint rule
in cases where a plaintiff's complaint contains state law causes of
action which are subject to complete preemption by federal law. In
these situations, the state law cause of action actually pled
"transform[s]" into a federal claim by operation of law, and
removal is proper. See Lontz v. Tharp, 413 F.3d 435, 441 (4th Cir.

2005) (citing <u>Rivets v. Regions Bank of Louisiana</u>, 522 U.S. 470, 476 (1998)).

ERISA, specifically §§ 502 and 514 of ERISA, is one of those federal statutes that have been found to completely preempt state law. <u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 64-66 (1987); <u>Lontz</u>, 413 F.3d at 441 (remarking that the United States Supreme Court has found that only three federal statutes that create complete preemption, National Bank Act, ERISA § 502, and Labor Management Relations Act). When Congress drafted ERISA, it

> clearly expressed an intent that the civil enforcement provisions of ERISA § 502(a) be the exclusive vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits, and that varying State causes of action for claims within the scope of § 502(a) would pose an obstacle to the purposes and objective of Congress.

<u>Pilot Life Ins. Co. v. Dedeaux</u>, 781 U.S. 41, 52 (1987). These civil enforcement provisions of § 502 "authorize plan participants or beneficiaries 'to file civil actions, to among other things, recover benefits, enforce rights conferred by an ERISA plan, remedy breaches of fiduciary duty, clarify rights to benefits and enjoin violations of ERISA.'" <u>Singh v. Prudential Health Care Plan, Inc.</u>, 335 F.3d 278, 290 (4th Cir. 2003) (quoting <u>Marks v. Watters</u>, 322 F.3d 316, 323 (4th Cir. 2003). The United States Court of Appeals for the Fourth Circuit has specifically held that "when the validity, interpretation or applicability of a plan term governs the participant's entitlement to a benefit or its amount, the claim

for such a benefit falls within the scope of § 502(a)."  Id.
(citations omitted).

The plaintiffs argue that their claim against the defendant
Medical Plan is not preempted as there is no need to interpret an
ERISA-governed plan in order to adjudicate the plaintiffs' claim.
The plaintiffs argue that this Court must only determine the value
of the lien that the defendant Medical Plan is entitled to, which
does not require the interpretation of the ERISA-governed plan.
The defendant Medical Plan, however, argues that the plaintiffs'
claim is completely preempted by ERISA.  It argues that the claim
does require the interpretation of a plan term, specifically the
subrogation term.

The provision of the plan that is at issue is the subrogation
provision.  The plaintiffs seek to have this Court discharge the
claims of the defendant Medical Plan pursuant to the made-whole
doctrine[1] or they seek a declaration from this Court as to the
equitable distribution of the proceeds available in this case.
Both of these requests require this Court to determine the
"validity, interpretation or applicability" of the subrogation term

_____

[1]The made-whole doctrine has been described by the West
Virginia courts to mean that "'[u]nder general principles of
equity, in the absence of statutory law or valid contractual
obligations to the contrary, an insured must be fully compensated
for injuries or losses sustained (made whole) before the
subrogation rights of an insurance carrier arise.'"  Bush v.
Richardson, 484 S.E.2d 490, 494 (1997) (citing Porter v. McPherson,
479 S.E.2d 668, 672 (1996)).

8

in light of the equitable doctrines that the plaintiffs wish this Court to apply.

Further, the plaintiffs seek to have these state common law doctrines applied to determine the subrogation rights of the defendant Medical Plan. The Fourth Circuit has specifically found that "ERISA preempts state law regarding subrogation rights." In re Paris, No. 99-1558, 2000 WL 384036, at *2 (4th Cir. Apr. 17, 2000); Hampton Indus., Inc. v. Sparrow, 981 F.2d 726, 728-730 (4th Cir. 1992) (finding that ERISA preempts a state apportionment statute that limited a medical service provider's recovery in a suit involving the subrogation rights under an ERISA plan). The plaintiffs in In re Paris, filed a petition in Maryland state court seeking an apportionment of settlement proceeds by asserting that the made-whole doctrine prevented subrogation by the defendant fund, which had an ERISA-qualified plan of benefits that included a subrogation clause. The defendants removed the case to federal court and the district court found that Maryland law concerning the make-whole doctrine was inapplicable. The Fourth Circuit upheld the district court's finding of inapplicability, as it indicated that ERISA preempts state law regarding subrogation rights, which were the rights at issue in that petition. Although In Re Paris is not a published opinion of the Fourth Circuit, this Court finds its reasoning persuasive. Therefore, although the plaintiffs bring the claim against defendant Medical Plan based on West Virginia law

concerning apportionment and the made-whole doctrine, this Court finds that for purposes of this motion dealing with removal, such law is preempted by ERISA. As such, the plaintiffs' claim is converted into a federal claim that must be decided under § 502(a) of ERISA. <u>Singh</u>, 335 F.3d at 292 (finding that although certain state law claims were preempted by ERISA, the claims should not be dismissed but instead converted into federal law claims under § 502(a). Due to the state law claim being converted into a federal law claim, removal is therefore substantively proper. <u>See Lontz</u>, 413 F.3d at 441 (finding that after a plaintiff's state-law claims were transformed into federal claims, the complaint is then understood to state a federal question, which justifies removal under 28 U.S.C. § 1441).

    2.  <u>Diversity jurisdiction</u>

    This Court next finds that based on the pleadings, diversity jurisdiction does not exist as complete diversity jurisdiction is lacking. The diversity statute, 28 U.S.C. 1332(a) that permits suits for more than $75,000.00 between citizens of different states, "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61 (1996). The plaintiffs are citizens of West Virginia and defendant Montelone is also a citizen of West Virginia. The defendant Medical Plan alleges that it has its offices in Pittsburgh, Pennsylvania and therefore it is diverse

from the plaintiffs and the diversity requirement is met.
Regardless of where the defendant Medical Plan is a citizen of,
however, both plaintiffs and defendant Montelone are citizens of
West Virginia. Thus, the citizenship of each plaintiff is not
diverse from the citizenship of each defendant and the diversity
jurisdiction statute therefore does not apply.

   3.   Procedurally defective claim

Although this Court believes that removal was substantively
proper, it finds that a procedural defect exists in the manner of
the defendant Medical Plan's removal and causes removal to be
improper. The plaintiffs claim that the removal by the defendant
Medical Plan was defective because the defendants did not comply
with the unanimity rule. The plaintiffs claim that because
defendant Montelone did not join in the removal nor file a written
consent to the removal, the removal was procedurally defective and
the case should therefore be remanded. The defendants argue that
the unanimity rules applies when a matter is removed solely under
18 U.S.C. § 1441 and there is no indication in the rule that it
applies to removal based on federal question. The plaintiffs do
not respond to this contention in their reply.

This Court finds that the defendant Medical Plan's argument
that § 1446(b)(2)(A) does not apply to federal question cases lacks
merit. According to 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil
action is removed solely under section 1441(a), all defendants who

have been properly joined and served must join in or consent to the removal of the action."[2]  The statute specifically says that it applies "solely" to those actions removed under § 1441(a).  Section 1441(a) encompasses the removal of both federal question cases and diversity actions.  See 28 U.S.C. §1441(a).  The statute specifically states,

> Except as otherwise expressly provided by Act of Congress, <u>any civil action brought in a State court of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added).

Further, as the Southern District of West Virginia indicated, "ERISA claims are not exempt from the requirement of defendant unanimity in removal."  <u>Forth's Foods, Inc. v. Allied Ben Adm'r, Inc.</u>, No. 3:07-0670, 2008 WL 88610 at *3 (S.D. W. Va. Jan. 7, 2008) (citing <u>Stonewall Jackson Memorial Hosp. v. American United Life Ins. Co.</u>, 963 F. Supp. 55, 557-565 (N.D. W. Va. 1997) (applying the defendant unanimity rule in a case removed on the basis of ERISA preemption).  Although the "failure of all defendants to join the removal petition does not implicate the court's subject matter

---

[2]According to a notice of appearance filed on behalf of defendant Montelone (ECF No. 21), defendant Montelone's counsel represented that she was served May 19, 2012.  The defendants removed this case on June 14, 2012.  See ECF No. 1.  Thus, it appears that defendant Montelone was served at the time of removal and no party has contested this assertion.

jurisdiction, the requirement that all defendants . . . consent thereto within thirty days, is nevertheless mandatory." <u>Wolfe v. Green</u>, 660 F. Supp. 2d 738, 744 (S.D. W. Va. 2009) (internal quotations omitted). Such a lack of consent "is sufficient to render removal improper and to require remand." <u>Id.</u> (citing <u>Unicom Systems, Inc. v. National Louis University</u>, 262 F. Supp. 2d 638, 641 (E.D. Va. 2003)).

The defendant Medical Plan in this case removed based on federal question jurisdiction. The defendant Medical Plan provided no indication that defendant Montelone consented in the notice of removal, nor did the defendant Medical Plan provide an explanation as to why defendant Montelone's consent was not required. Some narrow exceptions exist to the unanimity rule, however, none of these exceptions are addressed by the defendants, whose burden it is of establishing removal is proper. <u>In re Blackwater Sec. Consulting, LLC</u>, 460 F.3d 576, 583 (4th Cir. 2006) ("The party seeking removal bears the burden of demonstrating that removal jurisdiction is proper."); <u>see</u> 14 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 3730 (4th ed. 2012) (explaining the exceptions to the unanimity requirement). Based on the case law and statutes cited to above, it appears to this Court that the consent of defendant Montelone was required. Therefore, this Court finds that the defendant Medical Plan's removal of the state action to federal court was procedurally improper, as such

consent was not obtained and as a result this Court must remand the case to the state court. It is thus, unnecessary to address the plaintiffs' argument concerning severing the state law claims from those preempted by ERISA. Further, as a result of the improper removal and the subsequent remand of this case, the Court cannot decide the defendant Medical Plan's motion to dismiss, and must accordingly deny the motion as moot, but without prejudice subject to refiling in state court, if appropriate to do so.

E.  <u>Award of attorneys' fees incurred in remanding this case</u>

In addition to a remand, the plaintiffs ask that this Court award them the attorneys' fees and costs associated with pursuing this motion. With respect to the award of attorneys' fees and costs, the Fourth Circuit has found that 28 U.S.C. § 1447(c) "provides the district court with discretion to award fees when remanding a case" where it finds such awards appropriate. <u>In re Lowe</u>, 102 F.3d 731, 733 n.2 (4th Cir. 1996). This Court finds that such fees and costs are inappropriate in this matter because the defendant Medical Plan asserted at least a colorable claim to removal jurisdiction in this Court. Substantively, this Court found that removal was proper. This Court would not have remanded this case but for the fact that it found the defendant Medical Plan's removal was procedurally defective. Accordingly, this Court finds that the plaintiffs' request for an award of attorneys' fees and costs should be denied.

## IV.  Conclusion

For the reasons stated above, the plaintiffs' motion to remand (ECF No. 11) is GRANTED.  Accordingly, the defendant Greater Pennsylvania Carpenters' Medical Plan's motion to dismiss (ECF No. 12) is DENIED AS MOOT.  This matter is hereby REMANDED to the Circuit Court of Brooke County, West Virginia.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Brooke County, West Virginia.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   January 28, 2013


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE